## Anderson *et al. v.* Patrick *et al.*

A plea alleging that the plaintiff has an interest in the note sued on is bad, as amount-
.ing to the general issue.

A replication to a plea, alleging that the plaintiff had no interest in the note sued on,
which avers generally that the plaintiff had an interest in the note at the commence-
ment of the suit, is a good answer to the plea, and must be understood to mean
such an interest as would enable the plaintiff to maintain a suit at law.

No one can recover, unless he has an interest in the instrument sued on; but the ques-
tion of interest is a matter for the determination of the jury.

Evidence to show that the plaintiff has no interest in the action is not competent, unless
offered under the issue.

IN ERROR from the circuit court of the county of Hinds.

This was an action of assumpsit by Bernard McKiernan and
Sherod Anderson against R. A. Patrick and others, as the makers
and indorsers of a promissory note.  On the affidavit of Patrick,
the plaintiff's attorney was put under rule requiring him to show
his authority for using the name of Anderson as a co-plaintiff in
the suit.  The cause came into this court on writ of error, and
was remanded again to the circuit court, where the following pro-
ceedings were had :

On the 22d December, 1841, the mandate from this court re-
versing the previous judgment in said circuit court was filed;
"whereupon, on the motion of the defendants by their attorney,
and upon the affidavit filed, it is ordered that the attorneys at law
of the plaintiffs produce their authority, if any they have, from
Sherod Anderson, for commencing and prosecuting this suit in the
name of McKiernan and Anderson;" whereupon, in answer to said
rule, the said attorneys produced their said authority, and upon
inspection of the same, being satisfied that the same is sufficient,
it is ordered that the said rule be discharged."

At the time for producing authority under the rule aforesaid a

letter of attorney, which is in the record, was produced, and proven to be in the hand-writing of Anderson. No question, however, being made on this paper, the same is not copied.

The attorneys made no other showing, and the counsel for Patrick then moved the court to dismiss the suit, upon the ground that the plaintiff's attorneys had failed to show that said Anderson was interested therein. They also offered to prove by witness Dunlap, that said Anderson never had any interest whatever in the notes sued on in this action; and, in further evidence thereof, they proposed to read a regularly authenticated copy of a bill filed in the superior court of chancery, at Jackson, by said McKiernan, sworn to by him, since the date of the said power of attorney, in which he expressly claims to be the sole owner of said notes; but the court being of the opinion that the testimony proposed to be adduced was irrelevant, refused to hear it, as the question was properly to be heard by the jury, and not by the court. To which opinion and refusal said Patrick, &c. by counsel, excepted.

The defendants below, Patrick, &c. then filed two pleas under oath; 1st. the plea of non-assumpsit, upon which issue was taken, and this plea, to wit: "And said defendants, by attorney, come and defend the wrong and injury, when, &c., and say *actio non*, because they say the two promissory notes in the plaintiff's declaration mentioned, were made and executed by the defendant Patrick as principal, and the defendants Moss and Runnels as accommodation indorsers of the said Patrick, for the purpose of paying, and in part payment of a certain tract of land and slaves which one Shelby Smith sold to the defendant Patrick; said notes so made and executed were delivered to the said Smith, for the consideration aforesaid, for no other purpose or consideration whatever, and were subsequently sold, transferred and delivered to the plaintiff Bernard McKiernan by said Smith, and the defendants further say, that the said Anderson paid no consideration whatever, and has no interest whatever, in the notes aforesaid; and so they say they did not undertake and promise in manner and form as the plaintiffs in their declaration have alleged, and this they are ready to verify," &c.; "and the plaintiffs, for replication to the plea of the defendants last above pleaded, say *precludi non*, because they say at the time of the commencement of this suit the

Anderson *et al. v.* Patrick *et al.*

said Anderson had an interest in the notes sued on, and this they pray may be inquired of by the country."

The defendants below demurred to the replication, and for causes of demurrer assigned:

1. The replication does not state that the plaintiff, Anderson, paid any consideration for said notes, nor what consideration.

2. It does not state or aver that the transfer and sale by Shelby Smith of the said notes, or of any part of them, was made to the plaintiff Anderson, or to Anderson and McKiernan jointly.

3. It does not show or state what interest, if any, or how that interest was acquired by the said Anderson in said notes.

Plaintiff below joined in demurrer. The court gave judgment that the demurrer be sustained to said replication, and offered to plaintiff leave to amend his replication. The plaintiff declined amending, whereupon the said court gave judgment that the defendants go hence, &c., and the plaintiffs appealed. And now the plaintiff says that the court below erred, 1st: In sustaining the demurrer of the defendants to the replication of the plaintiffs, 2nd: The court should have sustained said demurrer to the plea of the defendants, instead of to the replication of the plaintiffs.

HUGHES for plaintiff in error.

We presume it will be attempted on the other side to show, that the court below erred in discharging the rule which was made on the plaintiffs' attorney, to produce authority for commencing and prosecuting the suit in the name of Sherod Anderson with the other plaintiff. For the plaintiffs we have no objection to the reversal of the judgment, but we object that said reversal take place, upon any other than the ground insisted upon in defendants' bill of exceptions. No question is made by the bill of exceptions of the defendant, except such as may arise out of the exception taken, which exception was only to the opinion of the court refusing to hear the testimony which was offered, as to the interest of Anderson in the suit.

The rule upon Anderson's attorney was to produce his authority for commencing and prosecuting the suit in his name, not to show title in Anderson for bringing the suit. This alone is a sufficient answer to the defendants' bill of exceptions.

30*

2. It is most evident that the court erred in sustaining the demurrer to the replication of the plaintiff.   The demurrer should either have been overruled, or sustained to the plea.   This can be shown by a short examination of the plea and replication.

The plea sets out by averring that the notes were given by Patrick, payable to Moss and Runnels, in consideration of and in part payment of a tract of land and slaves, to Shelby Smith, and were by said Smith subsequently sold and delivered to McKiernan by said Smith; and then the plea goes on and says, " and the defendants further say, that the said Anderson paid no consideration whatever, and had no interest whatever in the notes aforesaid, and so they say they did not undertake, &c., and this they are ready to verify, wherefore they pray judgment, &c.   Now what the commencement or first part of this plea had to do with the subsequent, it is difficult to conceive.   What difference did it make, whether it was or was not true, that the notes were given as alleged to Smith, and were by him transferred and delivered to McKiernan, · to the existence of the other facts alleged, to wit: that plaintiff Anderson gave no consideration, and had no interest in the notes sued on.   Were the facts first alleged in the plea any inducement to the facts last alleged, or were those facts matters recited, tending to the establishment that no indorsement or transfer had taken place for value.   They were not matters of inducement and tending to show the truth of the matter, the gravamen of the plea; they were merely surplusage, and not necessary to be answered by the replication.   Is there any thing in the plea that rendered it in any manner necessary to aver or state, what if any consideration was given by Anderson, in consideration of the indorsement averred to be made to him by the declaration.   True, Patrick in his affidavit, which was the foundation of the rule upon the plaintiffs' attorneys, to produce their authority, states that he had a set-off against McKiernan, and that he believed the suit was commenced in the name of McKiernan and Anderson, to avoid that set-off. But after this rule was answered and discharged, when he comes to file his plea, he says not one word of this set-off.

It is presumed that the learned counsel who argued in the court below did not insist, and that they will not now insist that it was not competent for B. McKiernan to indorse to Anderson one half

of his interest in said note without consideration, and that such indorsement could not be sustained in a suit against the maker and indorsers of the note, when the defendants had nothing to complain of against McKiernan. We deem it, and such is the law, that if the notes had come to the hands of McKiernan, and while he had them any transactions took place between him and Patrick by which an equity or defence against the notes was created, or if the notes were without consideration between the original parties, and McKiernan had notice before he wrote an assignment, in either of these cases, were Anderson's interest acquired without value paid, then the notes would be subject to the same defence in his hands that they were in the hands of McKiernan. But no such case as this could arise under the plea. There are no averments and statements in it under which any such defence can be set up. It is in fact nothing but a plea of no assignment. The averment in it is that Anderson paid no consideration, but for what is not said. Let it be understood, however, that the averment was, that he paid no consideration for the notes sued. With this fact the defendants have nothing to do. It was none of their business whether McKiernan had or had not given the notes to Anderson. If the notes had been indorsed to Anderson, without any consideration, by McKiernan, and Anderson had attempted to charge McKiernan on his indorsement, then the inquiry would have been material. But on this plea it could not have been material.

The next averment in the plea is, that Anderson had no interest in the notes; and this is the *gravamen* of the plea, if any it has. This was bringing in question the title of one of the plaintiffs to the notes sued on, and to this we replied that he had an interest. The title of the plaintiffs is set out in the declaration to be by indorsement. This title is questioned by the plea, and upon that we take issue.

The works on pleading lay down the rule that pleas should not be double; that is, that two distinct and substantive facts, by way of defence, shall not be set up in the same plea. But this proposition does not preclude a party from introducing into his plea several matters, if they be constituent parts of the same entire defence, and form one connected proposition, or be alleged as

inducement to, or as a consequence of another fact. 2 Saund. on Pl. and Ev. 239.

Taking this rule and applying it to the case, it follows either that the replication is good or that the plea is double, and the demurrer should have been sustained to it, and not to the replication, or that the demurrer should have been overruled.

One of the causes of demurrer assigned was, that the replication did not answer the averment of the plea, that Anderson gave no consideration for the notes sued on. The pleader who filed the replication had the rules above specified in view, and supposed either that the fact of no consideration paid was a part of one general fact, to wit: that the plaintiff had no interest in it, or was matter of inducement. If it was a part of one entire defence, to wit: that the plaintiff Anderson had no interest in the note, then an averment by the replication putting that entire defence in issue will be sufficient. Saund. on Pl. and Ev. 298.

If it was matter of inducement, then the fact to which it was an inducement need only be put in issue by the plea. *Ib.* 297. But if the fact which by the assignment on the demurrer it is contended was not answered by the declaration, be an immaterial fact, which has been shown, then the replication would have been demurrable if it had answered it. *Ib.*

If this view is incorrect, then the plea was not made up of a variety of facts all tending to the same defence, or which were matters of inducement to the one main fact, but was made up of distinct and substantive facts, each of which was a defence, and then the plea would be double, and as before stated, the demurrer should be sustained to it. 1 Saund. on Pl. and Ev. 499. And the court should reverse the judgment, and give judgment that the defendants answer over. But this judgment can only be rendered if the court come to the conclusion that the replication is bad, and the plea also bad. But if the replication is good, then there should be a judgment on the demurrer for the plaintiff, and that judgment is that he recover. Tidd's Practice, 687; De Gallion *v.* Victoire Haut L'Aigle, 1 B. & P. 356, 367. And the judgment is final, the action being upon two promissory notes under our statute. See Rev. Code, 120, sec. 67.

Anderson *et al. v.* Patrick *et al.*

W. YERGER for defendant in error.

We believe that the court erred·in refusing to hear the defendant's proof on the trial of the rule against the attorneys, which went to disprove interest in the plaintiff, Anderson; and as Anderson produced no evidence of interest on the trial, the suit should have been dismissed.

In the case of Patrick *v.* McKiernan, 4 Howard, 333, the court makes use of the following language: "The immediate interest of the defendants required that the plaintiff, Anderson, should show that he had an interest in this suit, and the proper mode to call on him was to put the attorneys of record under the rule to show cause. Patrick charges McKiernan with using the name of Anderson for the purpose of avoiding this offset. If this was so, it was an attempted fraud upon Patrick and his sureties, and it is the duty of the court to interpose and prevent the abuse of its process and authority."

In the state of Tennessee, this question has been adjudicated; and it is there held "that the proper practice, when a suit is brought in the name of A for the use of B, to dispute the authority of B to use the name of A, is to state the facts upon affidavit and have a rule for B to show cause why the suit should not be dismissed." 5 Yerg. Rep. 261.

The replication to the defendant's second plea is clearly bad. The plea states several facts, forming one ground of defence, as that the note was transferred and delivered to McKiernan alone, and that Anderson paid no consideration, and has no interest in the note. These all constitute a single bar to the action. To this plea the replication merely states that the party had an interest, without traversing the remaining allegations of the plea, to wit: of the indorsement to McKiernan, and of the want of consideration paid by Anderson.

The rule is well settled that a replication must confess and avoid or traverse the matters stated in the plea, in which particular it resembles a plea. 1 Chit. Pl. 656; Com. Dig. Pleader, G. 2.

Mr. Chief Justice SHARKEY delivered the opinion of the court. The defendants were sued *as the maker and indorsers of two* promissory notes. On the affidavit of R. A. Patrick, denying the

interest of Anderson in the notes, the plaintiffs' attorney was put under a rule requiring him to show his authority for using the name of Anderson as co-plaintiff. On the questions arising under that affidavit, the cause has been twice before this court. A power of attorney was ultimately produced, authorizing the proceeding, whereupon the defendants filed two pleas.

1st. The general issue.

2d. A special plea, stating for what and to whom the notes were given, and that they were sold and transferred to McKiernan alone; that Anderson had no interest whatever in them; which plea is verified by affidavit.

To this last plea the plaintiffs replied generally that Anderson had an interest in the note at the commencement of the suit; and to this replication the defendants demurred, and assigned special causes. The court sustained the demurrer and gave judgment for the defendants, the plaintiffs refusing to plead over. From this judgment an appeal was taken, and the plaintiffs' counsel insists that the demurrer was improperly sustained.

The plea of the defendants was manifestly bad, as it amounts only to the general issue. A similar plea was so held in the case of Netterville & Boyd *v.* Stevens & Pettitt, 2 How. 642.

The plea contains but a matter of fact, which, at the common law, the plaintiff is bound to prove under the general issue. 1 Chitty's Pl. 527.

At the common law the plaintiff was bound to prove the making of the note and indorsements by proof of the hand-writing, and this was *prima facie* evidence of interest or ownership. He may now be put upon proof of his interest in the note, by proper showing on the part of the defendant. Under the general issue, the defendant may show a want of interest in the plaintiff; for it is a general denial that the plaintiff has a cause of action, as was held by this court in the case referred to. This being the case, the demurrer ought to have been extended to the plea, as containing the first fault which would have been fatal on general demurrer. But the replication is an answer to the only material allegation in the plea; it traverses the only material fact pleaded. It avers that Anderson had an interest in the note at the time the suit was brought. By this must be understood such an interest

as would entitle him to sue at law; nothing else would be an interest. It was, in effect, equivalent to saying that the note had been indorsed to him jointly with McKiernan. So that, in either point of view, the demurrer was improperly sustained against the plaintiff.

But the defendants' counsel has asked us to retrospect the whole record, and insists that ·if it should appear therefrom that the judgment is right, then we should affirm it.

When the counsel for the plaintiffs introduced their power of attorney from Anderson, authorizing the prosecution of the suit in his name, the defendants' counsel moved to dismiss the suit, upon the ground that the plaintiffs' attorney had failed to show that Anderson was interested therein; and also offered to prove by a witness that Anderson had no interest in the notes; and, as further evidence, they offered McKiernan's answer in chancery, in which he asserts himself to be sole owner. But the court overruled the motion, because such an inquiry was proper for the jury only. In this the court was right. No one can recover, unless he has an interest in the thing sued for; and the jury must always be satisfied that a plaintiff has such an interest before he can recover. In detinue, for instance, the party must prove to the jury his right in the property. So if a party sue for money, he must show to the jury that he is entitled to it. At the common law, if suit was brought by the payee of a note, he was required to prove the signature before the jury, and this established his right. If suit was brought by the holder of an indorsed note, he was bound to prove the signatures of the maker and indorsers, and this was sufficient proof of his interest or his right, until it was rebutted.

The interest or ownership of Anderson is a question of fact, without which he cannot recover. That interest may be proven by different grades of evidence, or rather the common law rule of evidence may be altered; but the principle that an interest is indispensible, is not altered, nor is the common law altered in regard to the power of the jury to determine the fact of interest. According to the common law, if a plaintiff did not prove his interest on the trial, he might be non-suited. Here the court would certainly charge the jury that they could not find for a plaintiff

Anderson *et al. v.* Patrick *et al.*

who had no interest in the thing sued for. A former decision of this court, made in this case, is relied on; but that decision does not warrant the conclusion that the question of interest was to be decided by the court. It was only held that Anderson would be required to prove his right to sue.

In the case of Netterville & Boyd *v.* Stevens & Pettitt, it was held that the defendants might, under the general issue, introduce proof to show that the plaintiff was not the owner of the note, and had consequently no right to recover. When the attorney introduced the power of attorney, that was his authority, and entitled him to be discharged from the rule; but the court was right in refusing to hear the evidence of Anderson's interest, unless it had been offered under the issue.

The judgment must be reversed and the cause remanded.